OPINION OF THE COURT
Jasen, J.
Framed for our resolution on these appeals is the issue whether a warrant, authorizing the search of certain premises but not the arrest of persons found thereon, affords protection to those obligated to enforce it from liability for unlawful arrest and false imprisonment. Should the search warrant afford no such immunity, it becomes necessary to resolve the further issue whether a county can assume liability for the tortious acts of its Deputy Sheriffs. Also presented is the question whether the Sheriff can be held responsible in negligence for failure to train and instruct properly his deputies.
The facts underlying these appeals are not in dispute and may be simply stated. Plaintiffs were attending a private *253 party at premises known as the "Ordway House” in the Town of Rensselaerville, Albany County, during the evening hours on August 14, 1977. At approximately 11:00 p.m., several deputies of the Albany County Sheriff’s Department, acting in concert with the New York State Police, participated in a "drug raid” pursuant to a warrant issued by a Town Justice authorizing a search of the premises.
The Deputy Sheriffs arrived at the scene in several vehicles and, by means of a prearranged signal, simultaneously converged on the premises and conducted a search. Virtually all of the some 50 persons in attendance, including plaintiffs herein, were arrested and charged with criminal possession of marihuana in the fifth degree. Most of these persons were then transported to a police substation where they were booked and fingerprinted.
Upon arraignment before the Town Justice who had issued the search warrant, all charges lodged against the plaintiffs were dismissed either upon the court’s own motion or upon motion of the District Attorney. Thereafter, plaintiffs commenced these actions to recover damages for unlawful arrest and false imprisonment, joining as defendants the County of Albany, the Sheriff of Albany County and the Deputy Sheriffs who participated in the raid and arrests.
Defendants County of Albany and the Sheriff of Albany County moved to dismiss the complaint as against them for failure to state a cause of action and for summary judgment on the merits. Special Term denied the motion, reasoning, as to the county, that the constitutional provision immunizing a county from responsibility for the acts of the Sheriff (NY Const, art XIII, § 13, subd [a]) does not extend to the acts of Deputy Sheriffs when the county, by local legislation, assumes responsibility for such acts. With respect to the Sheriff’s motion, Special Term ruled that "plaintiffs [should] have the opportunity to establish * * * that the sheriff was guilty of negligence in the appointment, training and supervision of his deputies.” (94 Misc 2d, at p 239.) Further, Special Term found that there existed issues of fact which required a plenary trial with respect to such allegation.
On appeal, a unanimous Appellate Division reversed, granted defendants’ motion and dismissed the complaints. In so doing, the court reasoned that the State Constitution insulates "counties from money damage suits based on either the civil or criminal misconduct of the Sheriff or his deputies” (69 *254 AD2d, at p 915), even if there exists a local law which makes the county liable for the acts of Deputy Sheriffs. Further, the Appellate Division ruled that the Sheriff could not be held liable to plaintiffs inasmuch as "[njegligence is not an element of false arrest.” Plaintiffs appeal to this court, as of right (see CPLR 5601, subd [a]), from the order of the Appellate Division.
By separate motion, defendants Deputy Sheriffs of Albany County sought summary judgment, contending that the search warrant insulated them from liability for their allegedly tortious conduct. Special Term denied the motion, stating that the "warrant relied upon by the defendants, even if valid, authorized only a search and did not authorize an arrest. Therefore, it would not necessarily constitute a defense to the claim of the plaintiffs.” A divided Appellate Division affirmed, and defendants Deputy Sheriffs appeal to this court on a certified question.
For ease of analysis, we will treat initially the contention of defendants Deputy Sheriffs that the courts below improperly denied their motion for summary judgment, for the issue whether the County of Albany can be held responsible for the tortious acts of its Deputy Sheriffs will be rendered academic if this issue is resolved in favor of defendants Deputy Sheriffs. It should be remembered that inasmuch as we are concerned with a motion for summary judgment, the issue is not whether plaintiffs can ultimately establish liability, but, rather, whether there exists a substantial issue of fact in the case on the issue of liability which requires a plenary trial. (See, e.g., Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065; Rotuba Extruders v Ceppos, 46 NY2d 223, 231; see, generally, Siegel, New York Practice, § 278.) If such a question of fact is found to exist, our function is at an end, and we must affirm the dispositions below denying summary judgment to defendants Deputy Sheriffs.
In this case, a substantial question of fact does exist, and defendants’ contention that the search warrant issued by the Town Justice insulates them, as a matter of law, from liability must be rejected.[1] The warrant authorized only the search of *255 the premises, and did not empower the Deputy Sheriffs to arrest those persons found thereon. As this court observed in Broughton v State of New York (37 NY2d 451): "Whenever there has been an arrest and imprisonment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful * * * [W]here the arrest or imprisonment is extrajudicial, that is, without legal process or color of legal authority, it is not necessary to allege want of probable cause in a false imprisonment action * * * Indeed, the burden is on the defendant to prove the opposite.” (Id., at p 458 [citations omitted].)
Nor can we accept defendants Deputy Sheriffs’ contention that these well-settled principles of law are vitiated by the fact that they were acting pursuant to a search warrant.[2] While it can be said that a search warrant sanctions the entrance by law enforcement officers upon private property to conduct a search within the confines of the warrant, it by no means lends judicial approval to the arrests of those persons found thereon. A search warrant and an arrest warrant serve distinct functions in the law (compare CPL art 690, with CPL art 120) and the protection accorded officers from civil liability for unlawful arrest and false imprisonment when making an arrest pursuant to an arrest warrant (see Smith v County of Nassau, 34 NY2d 18, 22-23; Ford v State of New York, 21 AD2d 437; cf. Warner v State of New York, 297 NY 395; see, generally, 22 NY Jur, False Imprisonment, §§ 51, 52) simply does not extend to a situation where, as here, the law enforcement officials made the arrests armed only with a search warrant. (Broughton v State of New York, 37 NY2d 451, supra.) In short, a search warrant does not authorize arrest, and the Deputy Sheriffs must be said to have acted extrajudicially.
In light of these principles, issues of fact exist as to whether the Deputy Sheriffs were justified in making the arrests, and, thus, defendants Deputy Sheriffs’ motion for summary judgment was properly denied.
Holding as we do that summary judgment was properly denied defendants Deputy Sheriffs, it becomes necessary to resolve the further issue whether Albany County can be held responsible for the tortious acts of its Deputy Sheriffs. Resolu *256 tion of this issue involves the interworkings of the constitutional provision which provides that "the county shall never be made responsible for the acts of the sheriff’ (NY Const, art XIII, § 13, subd [a]) and Local Law No. 3 for the year 1973 of Albany County which states, in pertinent part, that "[a]ny act or omission of any employee of the county in the office of the sheriff, done or made in the performance of an official duty * * * shall be the act or omission of the county and the damages, if any, resulting therefrom shall be deemed the liability of the county.” Local Law No. 3 further provides that "[njothing contained in this section shall be deemed to render the county responsible or liable for the acts of the sheriff thereof where such responsibility or liability did not exist prior to the enactment hereof, nor relieve said sheriff from any liability to which he is lawfully subject.”
While it has been held that the constitutional provision immunizing a county from liability for acts of the Sheriff extends to acts of the Sheriffs deputies (see, e.g., Commisso v Meeker, 8 NY2d 109, 121; Perry v Custodi, 52 AD2d 1063; Snow v Harder, 43 AD2d 1003), we are confronted herein with an express willingness on the part of Albany County to assume responsibility for the acts of its Deputy Sheriffs. In our opinion, this express assumption of responsibility as reflected by Local Law No. 3, provides a critical distinction.
Support for the proposition that a county may assume responsibility for the tortious acts of its Deputy Sheriffs — as distinct from the tortious acts of the Sheriff himself — is found in our decision in McMahon v Michaelian (30 NY2d 507, affg on opn below 38 AD2d 60). In the McMahon case, although the issue presented therein was whether a county could place into the classified civil service officers and employees of the Sheriffs office, the court faced squarely the question whether a local law, indistinguishable from Local Law No. 3, ran counter to the constitutional prohibition. In ruling that it did not, it was reasoned that "[s]ection 345 of the [Westchester County Administrative] code strictly complies with section 13 of article XIII of the Constitution. Its first paragraph imposes liability upon the county for acts of the Sheriffs appointees committed in the discharge of their official duties and its second paragraph merely restates the constitutional direction that the county not be made responsible for the acts of the Sheriff. The assumption by Westchester County of liability for the acts of the employees of the Sheriff is not prohibited by *257 the Constitution, which merely mandates that a county 'shall never be made responsible for the acts of the sheriff,’ for under the provisions of the code he still continues to be responsible for his acts.” (38 AD2d, at p 64.)
Thus, it is clear that a county may, by legislative enactment, assume responsibility for the tortious acts of its Deputy Sheriffs as distinguished from the acts of the Sheriff himself. Here, Albany County voluntarily assumed such responsibility and it was error for the court below to fail to give Local Law No. 3 effect.
Finally, we turn to the issue whether summary judgment was properly granted defendant Sheriff by the court below. In this regard, we would note that plaintiffs concede that a Sheriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions, and that this principle precludes vicarious liability for the torts of a deputy. (See, e.g., Matter of Flaherty v Milliken, 193 NY 564, 569; Foyster v Tutuska, 25 AD2d 940; Isereau v Stone, 3 AD2d 243.) However, plaintiffs do contend that this rule of law "does not exonerate the sheriff from liability for his own acts or omissions.” With this general statement, we agree.
It has been held that a cause of action sounding in negligence is legally sustainable against a city when the injured party demonstrates that he was injured due to the negligent training and supervision of a law enforcement officer. (See Meistinsky v City of New York, 285 App Div 1153, affd 309 NY 998.) However, we are not concerned solely herein with the limited question whether plaintiffs have stated in their complaints a sufficient cause of action against defendant Sheriff,[3] but, rather, we are faced with the separate issue on this motion for summary judgment whether plaintiffs have demonstrated, by means of evidentiary facts, that a plenary trial is required with respect to their allegations. We conclude that plaintiffs have failed to meet this burden and, thus, defendant Sheriff is entitled to summary judgment.
Plaintiffs’ papers in opposition to defendant Sheriff’s motion for summary judgment contained attorneys’ affidavits, which *258 stated, in conclusory fashion, that a question of fact exists as to the issue whether defendant Sheriff should have supervised his deputies in such manner so as to prevent the allegedly tortious acts committed by the latter. No attempt was made to demonstrate how such direct supervision could have altered the consequences of the Deputy Sheriffs’ actions, nor do plaintiffs set forth any evidence that the Deputy Sheriffs lacked training in proper law enforcement techniques. Further, the transcripts of the examinations before trial of the Sheriff and his deputies do not cure these deficiencies.
The theory upon which plaintiffs predicated liability against defendant Sheriff was that the Sheriff’s lack of personal supervision of the search and ensuing arrests "makes him personally liable to these plaintiffs.” We cannot agree as there exists no duty for a Sheriff to be present at each and every instance his deputies are performing law enforcement functions. Under these circumstances, summary judgment was properly granted.
For the reasons stated, the order of the Appellate Division in Barr v County of Albany (Action No. 1) should be modified, with costs, in accordance with this opinion and, as so modified, affirmed. The order of the Appellate Division in Barr v County of Albany (Action No. 2) should be affirmed, with costs, and the question certified answered in the negative.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
In Barr v County of Albany (Action No. 1): Order modified, with costs, etc.
In Barr v County of Albany (Action No. 2): Order affirmed, with costs, etc.

. In this regard, we would note that defendants Deputy Sheriffs predicated their motion for summary judgment solely upon the legal argument that the search warrant provides them immunity from a civil suit for unlawful arrest and false imprisonment. The issue of independent probable cause for the arrests was not raised in their papers and, thus, plaintiffs were not put to the task of rebutting this legal theory in their papers in opposition.

. In light of our disposition, it is unnecessary to address the issues raised by the parties as to the facial validity of the search warrant and the justification of the Deputy Sheriffs in acting pursuant thereto.

. In our opinion, only plaintiffs Benson, Carter, Hoshtash, Murray, Patton, Pitfido and Soldner have alleged sufficiently in their complaints a cause of action against defendant for the failure to train and instruct properly his deputies. The remaining plaintiffs have clearly limited their complaints to a cause of action for unlawful arrest and false imprisonment. Of course, negligence is not an element of these tortious acts.