■ ROLAND J. DOWN, INC., Respondent, v PARK-CLIF ENTERPRISES, INC., et al., Defendants, and EDWARD S. ZORZI et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Quinn, J.), entered February 4, 1981 in Saratoga County, which, after granting reargument, again denied the motion of defendants Edward S. Zorzi and Patricia M. Zorzi for summary judgment. On November 2, 1978, defendants Edward S. Zorzi and Patricia M. Zorzi purchased a one-family residence from one J. Pesce, the president of defendant Park-Clif Enterprises, Inc., for the sum of $82,500. Upon receiving the deed to the premises, the Zorzis simultaneously executed a bond and mortgage to defendant Schenectady Trust Company and received in return $62,825. The deed in question was later filed with the Saratoga County Clerk's office on November 6, 1978. With these circumstances prevailing on February

1, 1979, plaintiff Roland J. Down, Inc., filed in the Saratoga County Clerk's office a mechanics' lien on the subject property based upon materials and labor which it had allegedly provided, with the knowledge and consent of Park-Clif Enterprises, Inc., and the Zorzis, for the installation of a heat pump system on the premises. Thereafter, it brought an action to foreclose the lien, and when defendants Zorzi moved for summary judgment dismissing the complaint, their motion was denied by Special Term in a decision dated August 24, 1980. Defendants subsequently sought leave to reargue the motion, and this request was likewise denied. Finally, they renewed their motions to reargue and for summary judgment, and in the order appealed from the court granted the motion to reargue, but again denied the motion for summary judgment dismissing the complaint. We hold that the challenged order should be affirmed. Upon their receipt of the proceeds of their mortgage, the Zorzis became trustees of that money which, pursuant to a clause in their mortgage mandated by subdivision (3) of section 13 of the Lien Law, was to be applied first for the purpose of paying the costs of the improvements to the premises. Moreover, under the pertinent statutes (see Lien Law, § 70, subd 5, par [b]; § 71, subd 3, par [a]), plaintiff as a subcontractor, was clearly a third-party beneficiary of the mortgage agreement between the Zorzis and the Schenectady Trust Company, and the record indicates that the mortgage proceeds were distributed to five separate parties, but not to plaintiff. Under these circumstances, a triable question of fact is presented as to whether or not the Zorzis acted in compliance with the clause in their mortgage which required that they first apply their mortgage money toward the costs of improvements made to their property. Such being the case, summary judgment was properly denied (cf. *Barr v County of Albany,* 50 NY2d 247). We need reach no other issue. Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.