■ RALPH F. PASSONNO, JR., Appellant, v COUNTY OF RENSSELAER, Respondent. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered March 2, 1981 in Rensselaer County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action and denied plaintiff's cross motion to add various parties as defendants. This action seeks damages alleged to have resulted from a purported false arrest and imprisonment of plaintiff by two Rensselaer County Deputy Sheriffs on April 25, 1979. Following the service of its answer, defendant moved to dismiss the complaint for failure to state a cause of action. Plaintiff, in addition to opposing the motion, cross-moved for permission to add the two deputies and the Rensselaer County Sheriff as defendants in the action. Special Term granted defendant's motion dismissing the complaint on the ground that the New York State Constitution insulated the county from liability for false arrest committed by a Deputy Sheriff in the performance of his duty. Special Term further denied plaintiff's cross motion on the basis that the Statute of Limitations already barred any actions against the parties which plaintiff sought to add as defendants. This appeal by plaintiff ensued. Turning first to the issue of whether Special Term properly refused to allow plaintiff to add the Rensselaer County Sheriff and his two deputies as parties to this action, we conclude that the denial of the cross motion was proper. An action against a Sheriff must be commenced within one year (CPLR 215, subd 1), with the same limitation being applicable to his deputies (*Taylor v Mayone,* 626 F2d 247, 251; see *Cumming v Brown,* 43 NY 514). Thus, since the incident complained of occurred more than one year before the cross motion was made, an action against these parties was already untimely and it was not improper for Special Term to refuse to add them as defendants pursuant to CPLR 1003 (*Brenon v County of Oneida,* 52 Misc 2d 795). We also agree with Special Term's action in dismissing the complaint against defendant. Article XIII (§ 13, subd [a]) of the New York State Constitution provides that "the county shall never be made responsible for the acts of the sheriff." This provision has also been held to immunize a county from liability arising from acts performed by its Deputy Sheriffs (see *Commisso v Meeker,* 8 NY2d 109, 121; *Perry v Custodi,* 52 AD2d 1063; *Snow v Harder,* 43 AD2d 1003). While the Court of Appeals has recently determined that a county may, by local law, voluntarily assume responsibility for the acts of its Deputy Sheriffs (*Barr v County of Albany,* 50 NY2d 247, 257), we are unable to find any indication of such an assumption of responsibility in the instant case. In so holding, we note that the narrow issue to be resolved is whether plaintiff has a cause of action — not whether plaintiff has stated one

(*Guggenheimer v Ginzburg*, 43 NY2d 268, 275). Here, the complaint alleges that the two deputies who arrested plaintiff were employed by defendant. The affidavit submitted by plaintiff's attorney in opposition to defendant's motion to dismiss states that the county's liability insurance policy covers all employees of the county, including Deputy Sheriffs. In addition, the attorney's affidavit states that although it was believed that the members of the Sheriff's office were unionized, the terms of the agreement were unknown.[*] These circumstances, in our view, removed this case from the recognized exception existing in *Barr*, where a specific legislative enactment, Local Law No. 3 for the year 1973 of Albany County, was held to have provided an express assumption of responsibility by the County of Albany for the acts of its Deputy Sheriffs. The clear, unequivocal language of that local law did not offend the constitutional provision (NY Const, art XIII, § 13, subd [a]; see *McMahon v Michaelian*, 30 NY2d 507, affg on opn below 38 AD2d 60). We find nothing in this record to demonstrate any specific assumption of liability by legislative enactment on the part of the County of Rensselaer, and we do not equate the purchase of a general liability insurance policy for county employees, or a provision of a collective bargaining agreement, with such a formal and absolute assumption of liability. Accordingly, plaintiff does not have a cause of action (*Guggenheimer v Ginzburg, supra*). Order affirmed, without costs. Sweeney, Kane and Levine, JJ., concur.

Mahoney, P. J., and Main, J., concur in part and dissent in part in the following memorandum by Mahoney, P. J. Mahoney, P. J. (concurring in part and dissenting in part). Since we cannot accept the narrow construction afforded *Barr v County of Albany* (50 NY2d 247) by the majority which would confine the assumption of responsibility for the tortious acts of Deputy Sheriffs by county governments solely to instances where the governmental entity has enacted a local law to that effect, we are constrained to dissent from that portion of the majority's opinion which would affirm the dismissal of the complaint against defendant. In *Barr,* the Court of Appeals was confronted with a local law that expressly assumed on behalf of Albany County responsibility for the acts of its Deputy Sheriffs. Such an open declaration of intent to accept liability for tortious acts of the employees of the Sheriff, reasoned the court, is not prohibited by the State Constitution, which merely mandates that a county "shall never be made responsible for the acts of the sheriff" (NY Const, art XIII, § 13, subd [a]). However, nowhere in *Barr* did our highest court say, as does the majority herein, that only a local law expressly assuming liability for acts of the Sheriff's hirelings can serve to remove a county from the protection afforded by our State Constitution. To the contrary, the Court of Appeals stated "Thus, it is clear that a county may, by legislative enactment, assume responsibility for the tortious acts of its Deputy Sheriffs as distinguished from the acts of the Sheriff himself" (*Barr v County of Albany, supra,* p 257). Here, the complaint alleges an employment relationship between defendant and the two Deputy Sheriffs involved in plaintiff's arrest and, as conceded by the majority, the affidavit of plaintiff's attorney in opposition to defendant's motion to dismiss avers that the county's liability insurance policy covers all employees of the county, including Deputy Sheriffs. Finally, the attorney's affidavit states the belief that the members of the Sheriff's office were unionized although the terms of any labor agreement with the county were unkown. Cumulatively, the complaint as enlarged by the attorney's affidavit (see *Guggenheimer v Ginzburg*, 43 NY2d 268), although inartfully drawn,

---

[*] Although not a part of the record, plaintiff's brief submitted to this court states that the Rensselaer County Legislature ratified a collective bargaining agreement which had the effect of making the county a coemployer with the Rensselaer County Sheriff of all deputies in the Sheriff's office.

adequately states a cause of action, sufficient to resist a motion to dismiss the complaint, to the effect that defendant legislatively assumed responsibility for the tortious acts of its Deputy Sheriffs. Accordingly, we would modify Special Term's order by reversing that portion which granted defendant's motion to dismiss the complaint.