■ JOSEPH PISTOLESE et al., Respondents, v EASTERN COOPERATIVE INSURANCE COMPANY, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered June 29, 1981 in Montgomery County, which denied defendant Eastern Cooperative Insurance Company's motion for summary judgment. Plaintiffs mortgaged their residential premises located on Nestle Road in the Town of Minden, County of Montgomery, to defendant Central National Bank, Canajoharie (hereinafter bank), and pursuant to the mortgage they were required to insure the residence against loss by fire. In November of 1976, however, a policy issued by Commercial Mutual Insurance Company providing such coverage was canceled, and when plaintiffs could not immediately obtain a replacement policy the mortgagee bank, after discussions with plaintiffs, applied for and was issued a policy by defendant Eastern Cooperative Insurance Company (hereinafter Eastern) for coverage in the amount of $15,000. In its application, the bank indicated that it was the sole owner of the property involved, but in a subsequent indorsement the named insured was changed to read: "Central National Bank, as their interest may appear". On May 20, 1979, while that policy was in effect, the residence was totally destroyed by fire. With these circumstances prevailing, the bank filed proof of loss with Eastern and received from Eastern $15,000 in payment of the loss, and it then executed an article of subrogation transferring to Eastern its rights under plaintiffs' mortgage to the extent of the payment and made a partial assignment to Eastern of the mortgage to the extent of the payment. For their part, plaintiffs made payment of $2,482.66 to the bank, the alleged remaining balance due under the mortgage, and received a partial satisfaction to such extent. The instant action ensued wherein plaintiffs seek a judgment declaring that the assignment of the subject mortgage to Eastern is null and void and that they are entitled to a full discharge of the mortgage. In response, Eastern moved for summary judgment, pursuant to CPLR 3212, upon the ground that it is in no way liable to plaintiffs because they were not named insureds in the policy issued to the bank. Eastern's motion was denied in the order of Special Term from which it now appeals. We hold that the challenged order should be affirmed. Upon a motion by defendant for summary judgment, the issue is not whether the plaintiff can ultimately establish liability, but rather whether there exists a substantial issue of fact in the case on the issue of liability which requires a plenary trial (*Barr v County of Albany,* 50 NY2d 247, 254). Although it may well develop that plaintiffs have no rights under the policy issued to the bank, an examination of the record reveals allegations that the bank was to have obtained the insurance coverage in question for the benefit of plaintiffs, that the premiums on the insurance policy were paid out of plaintiffs' escrow account with the bank, and that Eastern knew plaintiffs were the owners of the subject resi-

dence and yet never designated them as the owners on the policy or notified them that it was disclaiming any liability to them under the policy. Additionally, Eastern's assertion in its brief that it consented to issue the policy solely because it was insuring only the bank as mortgagee rings hollow in that documentary evidence in the record indicates that the policy was initially issued to the bank as owner of the insured premises and only subsequently modified to insure the bank "as their interest may appear". Given this situation, triable factual issues are raised as to the circumstances surrounding this procurement of the policy from Eastern and as to whether or not plaintiffs have any rights under the policy. Accordingly, there must be a trial of those issues. Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.