■ FEDERAL LAND BANK OF SPRINGFIELD, Plaintiff, v CHARLES L. TELLERDAY et al., Defendants; WILLIAM A. SCHMITT, as Trustee of CHARLES TELLERDAY, Respondent, and EUGENE CHASE et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Kepner, Jr., J.), entered February 4, 1982 in Delaware County, which denied defendants Chases' motion for summary judgment. In June of 1975, plaintiff Federal Land Bank of Springfield received and recorded a $57,000 mortgage on the 369-acre farm of defendants Charles L. Tellerday and Mary Tellerday in Delaware County. Subsequently, on August 20, 1976, the Tellerdays conveyed their farm to defendant Nancy Adler, wife of their attorney Cyrus Adler, by two deeds wherein it was recited that the transfer was without consideration. Approximately six weeks later, on October 6, 1976, defendant Adler conveyed five acres of the farm to defendants Eugene Chase and Ellen Chase for the sum of $5,000 with that sum to be held in escrow by attorney Cyrus Adler until such time as plaintiff bank released the five acres from the cited mortgage. No such release was ever forthcoming, and on August 29, 1977 defendant Charles Tellerday was adjudged bankrupt. Later, after the Tellerdays had allegedly missed several of their monthly mortgage payments plaintiff bank commenced the instant foreclosure action, and defendant William A. Schmitt, trustee in bankruptcy for Charles Tellerday, filed a third-party complaint seeking to have the deed from defendant Adler to the Chases set aside as void and in fraud of creditors. When the Chases responded by moving for summary judgment on this third-party complaint, their motion was denied, and this appeal followed. The challenged order should be affirmed. Although the Chases maintain they are bona fide purchasers of the five acres and should, therefore, be awarded summary judgment, it is nonetheless clear from the factual background set forth above that a definitive ruling on the subject third-party complaint necessarily involves resolution of triable questions of fact such as whether or not the conveyance from the Tellerdays to defendant Adler was fraudulent and, if it was, whether or not the Chases knew or should have known of the fraud at the time of their purchase of the five acres (see Real Property Law, § 266). Under these circumstances, an award of summary judgment would obviously be improper (see *Barr v County of Albany*, 50 NY2d 247). Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.