■ SCHENECTADY HARDWARE AND ELECTRIC CO., INC., et al., Respondents, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered December 6, 1982 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint. Plaintiffs are related but separately incorporated companies, one an electrical contracting firm and the other a wholesale electrical distributor, and they commenced this action against defendant to recover damages resulting from alleged losses of inventory through burglary, larceny, theft or robbery during October and November, 1980. They assert that their alleged losses are covered by a comprehensive and blanket crime policy issued by defendant, but defendant argued at Special term that they had failed to identify or show that any employee was responsible for the losses and that the losses were due to employee fraud or dishonesty as required by section 4 of the subject policy. Defendant further contended that plaintiffs had failed to overcome the exclusion found in section 2 (b) of the policy by proof of loss other than by an inventory computation or a profit and loss computation, and it moved for an order granting summary judgment dismissing the complaint. Finding that a triable issue of fact was presented as to whether plaintiffs could overcome the exclusion in question at trial, the court denied the motion and defendant now appeals. The challenged order should be affirmed. Where, as here, an insured seeks recovery for losses allegedly caused by employee dishonesty and its insurance policy contains an exclusion, such as the one found in section 2 (b), a determination of the sufficiency of the claim will ordinarily require the resolution of factual issues at trial, and even in two of the cases upon which defendant principally relies on this appeal the plaintiffs' complaints were not dismissed until plaintiffs were accorded an opportunity to present their proof at trial (see *Kaplan Jewelers v Insurance Co. of North Amer.*, 86 Misc 2d 334; *Kernwood Mfg. Corp. v Home Ind. Co.*, 65 Misc 2d 354, affd 67 Misc 2d 888). Moreover, after reviewing the examination before trial of Donald Sparagen, an officer of both plaintiff corporations, we cannot say as a matter of law that plaintiffs, in this instance, could not overcome at trial the policy exclusion by a reliance upon stock and purchase records and a specific enumeration of missing items (cf. *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 89 AD2d 131). Accordingly, it would have been an improvident exercise of discretion for Special Term to have granted defendant's motion for summary judgment (see *Barr v County of Albany,* 50 NY2d 247). Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.