■ V. WEGLARZ, INC., Appellant, v CITY OF COHOES et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered June 21, 1983 in Albany County, which granted defendants' motions to dismiss the complaint for failure to state a cause of action. ¶ On May 1, 1981, a machinery business operated by plaintiff in the City of Cohoes was destroyed by fire. Plaintiff commenced this action against the city and the fire department, as well as the Mayor, the fire chief and the fire dispatcher. The action sounded in negligence and charged that the city had failed to properly train the fire dispatcher and that such failure caused the damages sustained by plaintiff. After issue was joined, defendants moved to dismiss the complaint for failure to state a cause of action. The motions were granted by Special Term and this appeal ensued. ¶ A municipality cannot be held liable for negligence in the performance of a governmental function, including police and fire protection, unless a special relationship existed between the municipality and the injured party (*De Long v County of Erie,* 60 NY2d 296, 304; *Garrett v Holiday Inns,* 58 NY2d 253, 261; *O'Connor v City of New York,* 58 NY2d 184, 189-190; *Sanchez v Village of Liberty,* 42 NY2d 876, 877-878). In this case, the complaint makes no allegations which demonstrate the existence of any special duty owed by the city to plaintiff. Also, while it has been held that a negligence action is legally sustainable against a city when the injured party demonstrates that he was injured due to the negligent training and supervision of a law enforcement officer (see *Barr v County of Albany,* 50 NY2d 247;

*Meistinsky v City of New York,* 285 App Div 1153, affd 309 NY 998), we have found no cases extending such principle beyond the sphere of law enforcement officials. Therefore, we conclude that plaintiff failed to state a cause of action against the city. We also conclude that the complaint was properly dismissed as to the individual defendants (see *Ascrizzi v Kaufman,* 57 AD2d 643). ¶ Order affirmed, with costs. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.