OPINION OF THE COURT
William H. Keniry, J.
This is an action to recover compensatory and punitive damages for malicious prosecution and abuse of process. The defendants, the Rensselaer County Sheriff’s Department, Eugene Eaton as Rensselaer County Sheriff and Dominick J. Comitale and William J. Sherwin, individually and as Deputy Sheriffs, move for an order dismissing the action, pursuant to CPLR 3211 (a) (5), upon the ground that the Statute of Limitations is an absolute bar to the prosecution of the action. (Since these four defendants are united in interest in this motion, they will be collectively referred to as defendant Sheriff in this opinion.) The defendant County of Rensselaer (hereinafter defendant County) also seeks dismissal of the complaint upon the ground that NY Constitution, article XIII, § 13 (a) provides absolute immunity in favor of the County.
The plaintiff opposes both motions.
Plaintiff, according to his complaint, was arrested on August 10, 1981 and charged with the crimes of intentional murder and depraved indifference murder. Following his indictment by the Grand Jury of Rensselaer County, his first trial in January 1983 ended in a mistrial. The plaintiff was thereafter retried and acquitted of all charges by a jury on January 20, 1984. The indictment was dismissed following the verdict. Following the dismissal of all charges, plaintiff served a notice of claim in April 1984 against the County and Sheriff. He commenced this action by the service of a summons with notice on or about April 18, 1985. Plaintiff’s complaint, which is the subject of these dismissal motions, was served on December 20, 1985. Issue was joined on January 3, 1986. Defendants’ answer asserted affirmative defenses of both the *491 Statute of Limitations and the failure of the complaint to state a cause of action.
Defendant Sheriff contends that CPLR 215 (1) imposes a one-year Statute of Limitations in any action against a Sheriff or Deputy Sheriff and that this action, which was commenced over one year from the date of the plaintiffs acquittal and the court’s dismissal of the indictment, is time barred as a matter of law. Plaintiff, in opposing dismissal, argues that the one-year and 90-day Statute of Limitations set forth in General Municipal Law § 50-i governs this action and that, since the summons with notice was served on April 18, 1985, his action against the defendant Sheriff and his deputies is timely. Plaintiff does not argue that his cause of action accrued upon a date other than January 20, 1984. For purposes of this decision, the court will consider that date as the date of accrual of plaintiffs claim. Plaintiff offers no authority for his position that the applicable Statute of Limitations is one year and 90 days except to argue that the defendant Sheriff and Deputy Sheriffs should be considered county employees bringing them within the ambit of General Municipal Law § 50-i which sets forth the one-year and 90-day Statute of Limitations for suits against municipalities.
It is well established that the filing of a notice of claim is not a required precondition to commencing suit against a Sheriff or his deputies (Williams v Town of Irondequoit, 59 AD2d 1049). An action against a Sheriff must be commenced within one year of the accrual of the cause of action (CPLR 215 [1]; Adams v County of Rensselaer, 66 NY2d 725). The same one-year limitation applies to a Deputy Sheriff (Passonno v County of Rensselaer, 87 AD2d 693).
Since it is clear that the claims alleged herein arose out of the performance of the law enforcement duties of the office of Sheriff and/or his deputies, there is no basis to deviate from the application of CPLR 215 (1) (see, Dixon v Seymour, 62 AD2d 444). The defendant Sheriffs motion is granted, without costs, and the complaint is dismissed upon the ground that it is time barred as a matter of law.
The determination of the second issue hinges upon the application of the holding in Barr v County of Albany (50 NY2d 247) to the facts presented in this action. The defendant County seeks dismissal of this action upon an absolute constitutional immunity afforded to a county for the acts of its Sheriff. NY Constitution, article XIII, § 13 states, in pertinent *492 part "But the county shall never be made responsible for the acts of the Sheriff.” The Court of Appeals in Barr (supra) concluded that a county may, notwithstanding the constitutional immunity, expressly assume responsibility for the acts of its Deputy Sheriffs by the enactment of a local law. However, the Barr decision reaffirmed the principle that such a legislative abridgment of the constitutional immunity would never extend to the acts of the Sheriff himself, only to his deputies. The local law in Barr provided in part as follows: "Any act or omission of any employee of the county in the office of the sheriff, done or made in the performance of an official duty * * * shall be the act or omission of the county and the damages, if any, resulting therefrom shall be deemed the liability of the county” (Barr v County of Albany, supra, p 256). Without such an express assumption of responsibility by local law, the constitutional immunity of the county extends to the acts of Deputy Sheriffs (Commisso v Meeker, 8 NY2d 109; Wilson v Sponable, 81 AD2d 1, appeal dismissed 54 NY2d 834).
Plaintiff contends that defendant County has by its enactment of Local Law No. 5 for the year 1983 assumed responsibility for the tortious acts of its Deputy Sheriffs thus abrogating the constitutional immunity in conformity with the holding of Barr v County of Albany (supra).
Local Law No. 5, which is entitled "A Local Law providing for the defense and indemnification of county officers and employees”, provides, in part, as follows:
"1. The purpose of this local law is to provide for the defense and indemnification of officers and employees of the County of Rensselaer in accordance with Public Officer’s Law Section 18 and County Law Section 501, as amended by Chapter 277 of the Laws of 1981.
"2. The term 'employee’ shall mean any commissioner, member of a county board or commission, trustee, director, officer, employee, volunteer expressly authorized to participate in a County sponsored volunteer program, or any other person holding a position by election, appointment or employment in the service of the County, whether or not compensated, but shall not include the County Sheriff or an independent contractor. The term 'employee’ shall include a former employee, his estate or judicially appointed personal representative.
"3. (a) Upon compliance by the employee with the provisions of subdivision five of this local law, the County shall provide *493 for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties. This duty to provide for a defense shall not arise where such civil action or proceeding is brought or at the behest of the public entity employing such employee.
"4. (a) The county shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in a state or federal court, or in the amount of any settlement of a claim, provided that the act or omission from which such judgment or claim arose occurred while the employee was acting within the scope of his public employment or duties; provided further that in the case of a settlement the duty to indemnify and save harmless shall be conditioned upon the approval of the amount of settlement by the County Legislature * * *
"11. Except as otherwise specifically provided in this local law, the provisions of this local law shall not be construed in any way to impair, alter, limit, modify, abrogate or restrict any immunity to liability available to or conferred upon any unit, entity, officer or employee of the County by, in accordance with, or by reason of, any other provision of state or federal statutory or common law.”
The plaintiff further argues that all Deputy Sheriffs, as well as the Sheriff, are covered within the term "employee” as defined in Local Law No. 5 by virtue of a collective bargaining agreement between the County and union representing the deputies which clearly states that the County and the Sheriff are "coemployees” of the personnel covered by the contract. Plaintiff further supports his position by emphasizing the fact that the defendant County provides for the purchase of liability insurance from the public safety portion of its operating budget which covers the Deputy Sheriffs.
Standing alone, the collective bargaining agreement and the liability coverage are insufficient to constitute a formal and absolute assumption of liability (Passonno v County of Rensselaer, 87 AD2d 693, supra).
The court must now determine if Local Law No. 5 can be construed as "an express willingness” on the part of Rensselaer County to assume responsibility for the acts of its Deputy Sheriffs (Barr v County of Albany, 50 NY2d 247, 256, supra). The court has compared Local Law No. 5 with Public Officers *494 Law § 18 and notes that the local law, except as to the personalization of the language to reflect that it applies only to Rensselaer County and for the implementation provisions, tracks the language and format of section 18 almost verbatim. Of particular significance is that the local law as well as Public Officers Law § 18 expressly excludes the County Sheriff from its provisions. The legislative history indicates that the Legislature, when enacting Public Officers Law § 18, was aware of the special status of the Sheriff.
Comparing Local Law No. 5 with the local law reviewed by the Court of Appeals in Barr v County of Albany (50 NY2d 247, supra), the court discerns what it believes to be a significant difference in the two local laws. The local law in Barr, besides directly referring to any "employee of the office of the sheriff,” provided that such employees’ acts or omissions and resulting damages "shall be deemed the liability of the County”. Local Law No. 5 serves to provide a defense to any employee sued as a result of an official act or omission (§ 3 [a]) and indemnify the employee for any judgment entered against the employee (§ 4 [a]). The distinction is important since the local law under review here never expressly assumes on behalf of Rensselaer County the liability of any county employee but rather sets up a procedure to provide a defense for that employee and to pay any judgment entered against the employee in accordance with Public Officers Law § 18. A review of the legislative history concerning Public Officers Law § 18 indicates that the enactment of such legislation was to provide a uniform policy for defense and indemnification of municipal and other public employees (memorandum of NY Law Rev Commn, 1981 McKinney’s Session Laws, at 2314 et seq.).
The language of Local Law No. 5 which expressly states that it does not "impair, alter, limit, modify, abrogate or restrict any immunity to liability * * * by reason of, any other provision of state or federal statutory or common law” does not, in this court’s opinion, constitute an "express willingness” to abrogate the immunity afforded in NY Constitution, article XIII. Since the immunity under that provision has been consistently extended to insulate a county from the acts of Deputy Sheriffs (Commisso v Meeker, 8 NY2d 109, supra), the specific exclusion of the Sheriff in this local law indicates an intent to continue to preserve that constitutional immunity.
The court concludes that Rensselaer County Local Law No. *495 5 for the year 1983 does not constitute an express waiver of the constitutional immunity afforded Rensselaer County for the tortious acts of Deputy Sheriffs. Since this action centers around the alleged tortious acts of the Sheriff and his deputies in the performance of their official duties and no independent acts of negligence against the County are alleged, the complaint thus fails to state a cause of action against the defendant County as a matter of law. Defendant Rensselaer County’s motion for dismissal is granted, without costs.