OPINION OF THE COURT
William H. Keniry, J.
Can a credit company which finances the purchase of a mobile home and retains a security interest in the goods be held responsible for contribution in a third-party claim initiated by the original seller in a negligence and strict products liability suit? This novel issue is raised on this motion for summary judgment brought by the third-party defendant Commercial Credit Corporation seeking dismissal of the third-party complaint of defendants and third-party plaintiffs Deer-head Mobile Homes, Inc. (Deerhead) and Ronald W. London.
The factual background underlying the litigation commences with the sale by Deerhead in 1973 of a new mobile home manufactured by defendant Poloron Homes of Pennsylvania, Inc. to Roger N. Gilet (Gilet). Gilet entered into a retail installment sales contract with Deerhead to finance the purchase over a 10-year period. The contract was thereafter immediately assigned by Deerhead to Commercial Credit pursuant to the terms of an existing "dealer agreement” between the seller and the credit company. A bill of sale was issued by Deerhead to Gilet which noted the lien of Commercial Credit. Gilet subsequently defaulted in his monthly payments and, upon demand of Commercial, Deerhead repossessed the mobile home in accordance with the provisions of the security agreement and the "dealer agreement”. No details of the repossession procedure taken by Deerhead and Commercial Credit are set forth in the papers submitted to the court. The mobile home was secured from Gilet’s possession and returned to Deerhead’s sales facility.
On November 17, 1976, plaintiff Theodore W. Shiner, Jr., executed a written assumption agreement wherein he stated that he "desires to purchase” the mobile home and "hereby assumes the obligations” of the original purchaser. There was apparently no bill of sale or other evidence of ownership issued to Shiner. Three weeks later, a fire occurred in the mobile home seriously injuring three of the Shiner children. *292 One of the children died from his injuries. The cause of the fire is alleged by the plaintiff to be either a defective oil furnace or a defective television set. Separate lawsuits were subsequently initiated on behalf of the two surviving Shiner children and the estate of the third child against Deerhead as seller, Poloron, the manufacturer, and several manufacturers of component parts. Both actions were consolidated. Deerhead then commenced third-party actions against several individuals and corporations. Only the action against Commercial Credit is of concern to the court on this motion. Extensive pretrial discovery has apparently occurred.
Commercial Credit moves for an order dismissing the third-party complaints against it for failure to state a cause of action. Deerhead opposes the motion. The third-party complaints allege, upon information and belief, that the mobile home was "owned by the third-party defendant Commercial Credit Corporation at the time of the incident related in the complaint [December 8, 1976] and was sold under contract by and between the third-party defendant Commercial Credit Corporation and the plaintiff Theodore W. Shiner, Jr. and his wife, Elaine”. The third-party complaint seeks indemnification and/or contribution from Commercial Credit.
Commercial Credit argues that it was not part of the traditional chain of manufacture or distribution of an allegedly defective product to warrant the imposition of any legal responsibility for this occurrence. Commercial Credit claims that it merely provided financing for the original purchase, never appeared in the chain of title except as a secured party, nor did it act as the seller in the subsequent assumption agreement of November 17,1976.
Deerhead, in the affidavit of Ronald W. London, argues that Commercial Credit acquired title to the mobile home as a consequence of the repossession and exercised sufficient control over the product at the time of the "re-sale” to raise an issue of fact as to Commercial Credit’s responsibility to Deer-head.
Issue finding rather than issue determination is the court’s threshold inquiry on a motion for summary judgment (Sillman v Twentieth Century Fox Film Corp., 3 NY2d 395). Thus, the focus of the court’s inquiry must center around the determination of whether the movant is entitled to judgment as a matter of law or whether a plenary trial is necessary to resolve genuine factual issues which exist (Barr v County of *293 Albany, 50 NY2d 247). To obtain summary judgment, the moving party must establish his cause of action as a matter of law based upon a tender of evidentiary proof in admissible form (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). Likewise, a party opposing a summary judgment motion must make an evidentiary showing supported by admissible evidence that genuine, triable issues of fact exist (Friends of Animals v Associated Fur Mfrs., supra).
The court has carefully considered the proof tendered both in support of and in opposition of this motion. For the reasons stated, the motion of the third-party defendant Commercial Credit is granted.
First, Deerhead has failed to establish proof to support its claim that Commercial Credit took legal title to the mobile home following Gilet’s default. The documentary evidence before the court includes a bill of sale from Deerhead to Gilet transferring title to a 1973 Challenger mobile home and a written assumption agreement in which Mr. Shiner specifically agrees to assume Gilet’s payment obligations under the original retail installment sales contract. Accordingly, Shiner succeeded to the ownership rights of Gilet subject to the lien of Commercial Credit. Commercial Credit remained the secured party throughout the term of the financing contract. There is no evidence which indicates that Commercial Credit ever succeeded to any ownership interest.
There is also no proof tendered to the court that Commercial Credit had anything whatsoever to do with the design, manufacture, repair, initial sale or resale of the mobile home. It only financed the purchase and agreed to the assumption. Thus, the court finds no basis upon which Commercial Credit can either be held responsible directly to the plaintiffs for any product defect or indirectly, as a joint tort-feasor under Dole v Dow Chem. Co. (30 NY2d 143) to the third-party plaintiff. The third-party plaintiff has failed to establish the existence of a genuine, material issue of fact. There has apparently been ample opportunity for Deerhead to develop, through discovery procedures, all evidence of Commercial Credit’s involvement in causing or creating any of the claims of negligence or product defects in the mobile home. No facts have been provided by Deerhead for the court’s consideration of the motion other than the conclusory assertions by Ronald W. London that Deerhead was acting solely as the agent of Commercial Credit after the repossession and that some unidentified agents of Commercial made routine inspections of *294 repossessed mobile homes. There is no proof that Commercial Credit ever made any direct representation or warranty as to the condition of the mobile home nor that it had any specific knowledge of any defects in the mobile home at the time that Mr. Shiner entered into the assumption agreement. In addition, Deerhead has not provided any legal authority and the court has found none to support any theory for imposing legal liability upon Commercial Credit in these circumstances. The question must be answered in the negative.
Motion granted, with costs.