JACK GREEN et al., Appellants, v COUNTY OF FULTON et al., Respondents.

Third Department, January 15, 1987

## APPEARANCES OF COUNSEL

*George Abdella* for appellants.

*Horigan, Horigan, Pennock & Lombardo (James A. Lombardo* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J.

Plaintiffs, Jack Green and Paula Green, commenced separate actions seeking damages for the purported false arrest and imprisonment of Jack Green by a Fulton County Deputy Sheriff on October 19, 1984. On that date, at approximately 7:00 A.M., Deputy Sheriff Philip D. Lewis and two other officers proceeded to 236 Fulton Street in the City of Gloversville to execute an arrest warrant for one Jeff Green. After Paula Green ostensibly consented to their entry into the home, Jack Green was arrested and transported to the Gloversville police station. Shortly thereafter, it was confirmed that the wrong individual had been arrested and Jack Green was released. This incident precipitated the underlying actions, consolidated by Supreme Court, in which Jack Green has alleged six causes of action for damages (negligence, assault, false imprisonment, false arrest, trespass and emotional distress) and Paula seeks to recover on a derivative claim and for trespass. Named as defendants are the County of Fulton and Sheriff Robert M. Wandel. Plaintiffs also designated John Doe and Richard Roe as defendants for those officers thought to have participated in the arrest but whose names are unknown (CPLR 1024). Following joinder of issue, defendants' motion for summary judgment dismissing the complaint was granted. Plaintiffs have appealed.

We affirm. Absent a legislative assumption of responsibility, a county is not liable for either the acts of the Sheriff or his deputies *(see,* NY Const, art XIII, § 13 [a]; *Brady v Woodworth,* 117 AD2d 995, 996; *Passonno v County of Rensselaer,* 87 AD2d 693, *appeal dismissed* 59 NY2d 970; *cf. Barr v County of Albany,* 50 NY2d 247, 256). Nor is a Sheriff vicariously liable for the torts of a Deputy emanating from the performance of a criminal justice function *(Barr v County of Albany, supra,* p 257). The execution of an arrest warrant is clearly within this category. Moreover, as Supreme Court astutely recognized, plaintiffs failed to establish any evidentiary basis for the assertion that Sheriff Wandel was negligent in the supervi-

sion, instruction and training of his Deputy Sheriffs *(supra,* at pp 257-258).

We further find that plaintiffs did not timely commence their action against the Deputy Sheriffs. Since the action emanates from the execution of an arrest warrant, the one-year Statute of Limitations under CPLR 215 applies *(see, Adams v County of Rensselaer,* 66 NY2d 725, 727). Unlike *Dixon v Seymour* (62 AD2d 444), relied on by plaintiffs, this case does not involve the breach of a general duty imposed upon the public-at-large, but rather involves the specific duties of an officer emanating from his office.

Plaintiffs' assertion, that by answering the Deputy Sheriffs voluntarily appeared and waived personal service of the summons and complaint, is unavailing. The Statute of Limitations and personal jurisdiction defenses were specifically pleaded in the answer and thus preserved *(see,* CPLR 320 [b]; 3211 [e]; *Colbert v International Sec. Bur.,* 79 AD2d 448, 463, *lv denied* 53 NY2d 608). While we recognize that plaintiffs followed the procedure for naming unknown parties as set forth in CPLR 1024, as Supreme Court noted, that provision does not serve to toll the Statute of Limitations *(see,* CPLR 203; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1024.07). Nor can we agree that service on Sheriff Wandel tolled the period for service on the Deputy Sheriffs under the unity of interest theory (CPLR 203 [b]). As stated, a Sheriff is not responsible for the acts or omissions of a Deputy engaged in criminal duties *(see, Barr v County of Albany, supra).* Therefore, although an employer-employee relationship may exist, Sheriffs and their Deputy Sheriffs may not be deemed "united in interest" within the meaning of this tolling provision *(see, Capital Dimensions v Oberman Co.,* 104 AD2d 432, 433-434). Accordingly, since the Deputy Sheriffs were not served within the one-year Statute of Limitations, which commenced October 19, 1984, Supreme Court properly dismissed the action as time barred.

MAIN, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, with costs.