HENRY E. NICHOLS, JR., Appellant, v COUNTY OF RENSSELAER et al., Respondents.

Third Department, July 2, 1987

**APPEARANCES OF COUNSEL**

*Raymond A. Kelly, Jr.,* for appellant.

*Horigan, Horigan, Pennock & Lombardo, P. C. (James A. Lombardo* of counsel), for respondents.

**OPINION OF THE COURT**

KANE, J.

On April 15, 1985, plaintiff sued defendants, County of Rensselaer, the Rensselaer County Sheriff's Department, Eugene Eaton as Sheriff, and Eaton's Deputies, agents and/or employees, including Dominick J. Comitale and William J. Sherwin, for alleged malicious prosecution and abuse of process, after having served a notice of claim on defendants on or about April 18, 1984. This action arose out of plaintiff's arrest in 1981 for murder in the second degree and his subsequent acquittal on those charges after a second jury trial which ended on or about January 20, 1984. Plaintiff concedes his action was brought more than one year after the cause of action accrued, which was the date of his acquittal.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), asserting that the causes of action against the Sheriff, his Deputies and the Department were time barred because they were governed by the one-year Statute of Limitations contained in CPLR 215 (1). Defendants also moved to dismiss the complaint against the county, asserting that plaintiff failed to state proper causes of action against the county because the county had committed no illegal acts and

had not waived its immunity under NY Constitution, article XIII, § 13 (a) with regard to tortious acts by its Deputy Sheriffs. In response, plaintiff argued that his causes of action were governed by the one-year and 90-day Statute of Limitations contained in General Municipal Law § 50-i *(see,* County Law § 52; General Municipal Law § 50-e) because the county had waived its constitutional immunity for acts of its Deputy Sheriffs and because the county acted as a coemployer of the Deputies with the Sheriff.

In its decision, Supreme Court held that the county had not waived its constitutional immunity for the tortious acts of its Deputy Sheriffs and thus that plaintiff had failed to state causes of action against the county (132 Misc 2d 489). Supreme Court also found that the actions against the Sheriff, his Deputies and the Sheriff's Department were governed by the one-year Statute of Limitations contained in CPLR 215 (1) and thus were time barred. As a result, Supreme Court granted defendants' motion and this appeal ensued.

 We affirm. NY Constitution, article XIII, § 13 (a) provides that "the county shall never be made responsible for the acts of the sheriff". Generally, this provision has been extended to grant counties immunity from the tortious acts of Deputy Sheriffs *(Barr v County of Albany,* 50 NY2d 247, 256). However, the Court of Appeals has held that "a county may assume responsibility for the tortious acts of its Deputy Sheriffs—as distinct from the tortious acts of the Sheriff himself", by legislative enactment *(supra,* at 256). In this regard, plaintiff asserts that the county has waived its immunity for the tortious acts of its Deputy Sheriffs by enacting Local Laws, 1983, No. 5 of the County of Rensselaer (hereinafter Local Law No. 5).

We are unable to find that the county's adoption of Local Law No. 5 resulted in a waiver of its immunity pursuant to NY Constitution, article XIII, § 13 (a) for the tortious acts of its Deputy Sheriffs. In *Barr v County of Albany (supra,* at 256-257), the Court of Appeals instructs us that the key factor in determining whether a county has waived its immunity for tortious acts of its Deputy Sheriffs is the county's *express* willingness to assume responsibility for those acts. We are unable to find any such assumption of responsibility in the instant case *(see, Passonno v County of Rensselaer,* 87 AD2d 693, *appeal dismissed* 59 NY2d 970). Indeed, Local Law No. 5 simply provides for the indemnification of county employees for the amount of judgments against them or for the amount

of any settlement. Nowhere in Local Law No. 5 does the county mention waiver of immunity with respect to Deputy Sheriffs. In fact, paragraph 11 of Local Law No. 5 provides that: "Except as otherwise specifically provided in this local law, the provisions of this local law shall not be construed in any way to impair, alter, limit, modify, abrogate or restrict any immunity to liability available to or conferred upon any unit, entity, officer or employee of the County by, in accordance with, or by reason of, any other provision of state or federal statutory or common law" (Local Laws, 1983, No. 5 of County of Rensselaer ¶ 11).

Plaintiff next asserts that the county's status as a coemployer with the Sheriff of the county's Deputy Sheriffs and its appropriations for the Sheriff's Department created a waiver of the county's immunity. This contention must be rejected as the county's participation as a coemployer and provider of funds for the Sheriff's Department is a responsibility imposed by statute (see, County Law §§ 201, 205, 652) and not an indication of the county's willingness to waive its immunity for the tortious acts of Deputy Sheriffs (see, Matter of County of Clinton v Kramarsky, 90 AD2d 649).

■ Turning to the causes of action asserted against the Sheriff, Deputy Sheriffs and the Sheriff's Department, we find that since the action was commenced more than one year after the accrual of plaintiff's cause of action, the causes of action are time barred (see, Adams v County of Rensselaer, 66 NY2d 725; Maurice v Stoddard, 115 AD2d 925, 926, lv dismissed 67 NY2d 608, 1028; Passonno v County of Rensselaer, 87 AD2d 693, supra). The order should therefore be affirmed.

Mahoney, P. J., Weiss, Yesawich, Jr., and Levine, JJ., concur.

Order affirmed, without costs.