GERALD B. BERLINER, as Executor of TINA M. BERLINER, Deceased, Respondent, v BRITT THOMPSON et al., Appellants, et al., Defendants.

Third Department, January 23, 1992

APPEARANCES OF COUNSEL

*FitzGerald, Morris, Baker & Firth (Peter D. FitzGerald* of counsel), for appellants.

*Michael J. Hutter* for respondent.

**OPINION OF THE COURT**

CREW III, J.

Tina M. Berliner (hereinafter decedent) was stabbed to death by her estranged husband, Robert Berliner (hereinafter Berliner). As a result thereof plaintiff, who was decedent's father-in-law and is the executor of her estate, commenced this wrongful death action against, among others, defendant Saratoga County Sheriff and two of his Deputies, defendants Britt Thompson and Gaylord Brunnell. These three defendants moved for partial summary judgment dismissing those causes of action relating to their criminal justice functions on

the ground that there was no special relationship between them and decedent. Supreme Court denied the motion and this appeal ensued.

Resolution of this appeal requires analysis of the facts contained in the record in a light most favorable to plaintiff. Decedent and Berliner married in 1982 and separated in 1985. Following their separation, decedent took up residence with plaintiff and his wife at 3 Vandenberg Lane in the Town of Halfmoon, Saratoga County. On October 8, 1985 Berliner assaulted decedent. She reported that incident to Deputy Sheriff Glen Duffy on October 10, 1985. She declined to press criminal charges, however, because she was scheduled to go to Family Court the next day. On Friday, October 11, 1985, decedent was granted an order of protection by the Saratoga County Family Court. The order was placed in a tray located in the administrative offices of Family Court for retrieval and service by Thompson and Brunnell, the Deputy Sheriffs who were assigned to Family Court for that purpose. However, at the time the order was signed Thompson and Brunnell had completed their shift and had gone home for the extended Columbus Day weekend.

On Tuesday, October 15, 1985, Thompson and Brunnell returned to work and found decedent's protective order and the petition on which it was based in the tray at Family Court. They attempted to determine the whereabouts of Berliner and, being unable to do so, they telephoned his residence and read the protective order into his answering machine. The following day, Thompson and Brunnell drove to Berliner's home to serve him with the protective order and, while en route, observed a man they believed to be either a burglar or Berliner. When they pulled their vehicle over to question the individual (who was indeed Berliner), he bolted and they gave chase. They lost sight of Berliner on the street where decedent was living and, while trying to locate him, Berliner entered his parents' home, where he attempted to load a shotgun that he was carrying. When his mother, Carol Berliner (hereinafter Mrs. Berliner), tried to disarm him, he struck her with the gun. Mrs. Berliner then ran outside to the Deputies screaming "please help me, he is going to kill her, please come and help me". Mrs. Berliner observed Brunnell using his radio, seemingly oblivious to her pleas for help, and screamed "will you put that god damn thing down and come in and help her, she is going to get killed". At the same time decedent could be heard screaming "help me please, somebody help me, he is

going to kill me" or "he is killing me". After some moments elapsed, Brunnell went to the house, broke down the front door, which was locked, and went inside, only to find that decedent had been stabbed to death.

■ At the outset, we hold that Supreme Court erred in denying partial summary judgment to the Saratoga County Sheriff. There is nothing from the above-cited facts wherein it might be inferred that the Sheriff was guilty of negligence by way of his own acts or omissions. The Sheriff's only liability would be vicarious and plaintiff concedes that there can be no such liability for the acts or omissions of Deputies performing criminal justice functions *(see, Barr v County of Albany,* 50 NY2d 247).

■ What remains to be determined is whether Thompson and Brunnell are entitled to partial summary judgment. It is clear that those defendants may not be held liable for injuries resulting from the failure to provide police protection to a specific member of the public *(see, Riss v City of New York,* 22 NY2d 579) unless there has developed a special relationship between them and such person *(see, Cuffy v City of New York,* 69 NY2d 255). In order to establish such a relationship, four elements must exist: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" *(supra,* at 260). In denying defendants' motion, Supreme Court determined that proof of those elements is unnecessary in a case involving a protective order. In such instance, Supreme Court held that there exists, ipso facto, a special relationship. We disagree.

The Court of Appeals has pointedly observed that "[t]he fact that an injury occurs because of a violation of an order of protection does not in itself create municipal liability" *(Sorichetti v City of New York,* 65 NY2d 461, 470). However, *Sorichetti* has substantially obviated the proof required of a plaintiff in establishing a special relationship where a protective order has been issued. In such a case, the order of protection "evinces a preincident legislative and judicial determination that its holder should be accorded a reasonable degree of protection from a particular individual" and "is presumptive evidence that the individual whose conduct is

proscribed [is] * * * a dangerous or violent person" *(supra,* at 469). Therefore, where the police are made aware of a protective order and a possible violation of that order, they are obligated to respond and investigate and their acts or omissions in so doing "will be subject to a 'reasonableness' review in a negligence action" *(supra,* at 470). In short, the order satisfies proof of an affirmative duty to act, knowledge that inaction could lead to harm and justifiable reliance on the defendants' affirmative undertaking. All that remains is the direct contact necessary to apprise the police of the existence of the order and its violation.

Viewing the facts of this case in the context of the principles enunciated in *Sorichetti (supra),* we believe that there are questions of fact precluding the grant of summary judgment. When Thompson and Brunnell obtained possession of the order of protection for service upon Berliner, they also had in their possession decedent's petition which identified her place of residence as 3 Vandenberg Lane. While en route to serve that order, Thompson and Brunnell gave chase to a person whom they admittedly believed may have been Berliner and they lost sight of him almost directly in front of 3 Vandenberg Lane. As in *Sorichetti,* decedent's mother-in-law (Mrs. Berliner) made frantic pleas to the police on decedent's behalf, having come directly from the house at 3 Vandenberg Lane to do so. Under the circumstances, there are triable issues of fact as to whether Thompson and/or Brunnell knew or should have known that they were in front of decedent's residence and that Mrs. Berliner was referring to decedent when she made her pleas for help. There is a further question as to whether the two Deputies knew or should have known that the assailant Mrs. Berliner was referring to was Berliner. Finally, if the answers to those questions are affirmative, there remains the question of whether the actions of Thompson and/or Brunnell were reasonable under the circumstances.

Mikoll, Yesawich Jr., Levine and Casey, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied partial summary judgment to defendant Saratoga County Sheriff; motion granted to that extent, partial summary judgment awarded to said defendant and all claims against him relating to his criminal justice functions are dismissed; and, as so modified, affirmed.