Frank R. Bayger, J.
This is a proceeding commenced pursuant to CPLR article 78 seeking a judgment requiring respondent, the Personnel Commissioner of Erie County, to "[t]ake all necessary and appropriate action” to certify petitioners in the civil service class of "Criminal Deputy Sheriffs and/or Court Deputies of the County of Erie”.
The factual background leading up to this proceeding is long and detailed. On October 21, 1969, the Erie County Legislature enacted a local law (Local Laws, 1969, No. 2 of County of Erie) placing all deputies and employees of the Erie County Sheriff, except his secretary, the undersheriff and civil deputies, in the competitive civil service class. All deputies who had served in their position for a period of more than one year were automatically classified without examination. Soon after enactment of the local law, the newly-elected Sheriff, Michael Amico, commenced an action to declare the local law unconstitutional and invalid. A unanimous decision of the Fourth Department in May of 1971 dismissed the Sheriff’s action and upheld the constitutionality of the local law (see Amico v Erie County Legislature, 36 AD2d 415, affd 30 NY2d 729). The Fourth Department held, among other things, that use of the descriptive term "deputy” does not automatically exempt every employee of the Sheriff from the classified civil service (see Civil Service Law, § 41, subd 1, par [b]). The court further distinguished between "civil” deputies who are the Sheriff’s "[Pjersonal agents, and * * * not in the service of the county or the people”, and those deputies "whose duties relate solely to law enforcement or criminal matters. ” (36 AD2d, at pp 423, 424; (emphasis added.) After recognizing the distinc *20 tion in job titles and responsibilities, the court followed the long-standing earlier Court of Appeals decision of Matter of Flaherty v Milliken (193 NY 564) and held that (p 423): "[A]ll employees of the Sheriffs Department, other than the under-sheriff, whose duties are related solely to criminal functions and law enforcement, are subject to the regulations of the Civil Service Law and, like other law enforcement officers, are subject to classification in the competitive class.”[1]
The petitioners in this action are all "criminal” deputies. They are assigned primarily to work in the Erie County courts (County, Family and Supreme) on escort or courtroom security duty. Some have worked as jail guards and attendants. During the summer months some have been assigned to various guard and escort duties throughout the county.
The respondent objects to classifying the petitioners as "criminal” deputies because they have not received proper police training pursuant to section 209-q of the General Municipal Law and section 58 of the Civil Service Law. This argument, however, assumes that the petitioners are "police officers” as that term is defined by the Civil Service Law and the General Municipal Law. They are not. The respondents are "[A]ll employees of the Sheriff’s Department * * * whose duties are related solely to criminal functions and law enforcement” (36 AD2d, at p 423). It is entirely possible for a number of these "functions”, e.g., jail or court guard, van driver, hospital guard, to be carried out by individuals who are not "police officers”.
The intent of Local Law No. 2 was found by the Appellate Division to be clear and unequivocal: to place all deputy sheriffs in the competitive class of the civil service whose duties include only criminal and law enforcement functions. The duties of the petitioners relate solely to those functions. The respondent has failed to demonstrate that their appointments were illegal when made and is therefore directed to certify petitioners in the competitive civil service class pursuant to Erie County Local Law No. 2 of 1969.
Submit order.

. The Appellate Division, Second Department, has upheld the validity of another county local law which placed all sheriffs deputies, except the undersheriff, in the competitive civil service (see McMahon v Michaelian, 38 AD2d 60, affd 30 NY2d 507).