HEX BUILDING CORP. et al., Plaintiffs, v LEPECK CONSTRUCTION et al., Defendants. (Action No. 1.)

CONTINENTAL INSURANCE COMPANY, as Subrogee of HEX BUILDING CORP., Appellant, v JOHN FINNERTY, as Sheriff of Suffolk County, Respondent. (And a Third-Party Title.) (Action No. 2.)

Second Department, December 10, 1984

### APPEARANCES OF COUNSEL

*Larry Wenig* for appellant.

*Curtis, Zaklukiewicz, Vasile & Devine (David Holmes* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The Continental Insurance Company (plaintiff) instituted this action (action No. 2) against John Finnerty, the Sheriff of Suffolk County (defendant), to recover damages incurred by virtue of the failure of certain deputy sheriffs to timely serve summonses on some of the defendants in an underlying action. This resulted in the dismissal of the original action against those defendants, as barred by the Statute of Limitations. Special Term granted defendant's motion for summary judgment

and dismissed the complaint, after concluding that Suffolk County Local Law No. 1-1978 rendered the county solely liable for the negligence of the deputy sheriffs in serving the summonses. Local Law No. 1-1978, provides as follows, in pertinent part:

"Section 1. Extent of liability of Sheriff.

"(a) Any act or omission of any employee of the county in the office of the Sheriff, done or made in the performance of an official duty or for the performance of which the county is paid or receives compensation or fee, shall be the act or omission of the county and the damages, if any, resulting therefrom shall be deemed the liability of the county.

"(b) Nothing contained in this section shall make the county responsible for the acts of the Sheriff thereof, nor relieve said Sheriff from any liability to which he is lawfully subject."

In *McMahon v Michaelian* (38 AD2d 60, affd 30 NY2d 507), this court concluded that a provision of the Westchester County Administrative Code with language virtually identical to Local Law No. 1-1978 effectively erased the traditional distinctions recognized by older decisions between the employees of the office of the Sheriff responsible for civil, as opposed to criminal functions (e.g., *Matter of Flaherty v Milliken,* 193 NY 564; *Matter of Grifenhagen v Ordway,* 218 NY 451). The fact situation at bar is similar to that involved in *McMahon v Michaelian (supra)* as the county has affirmatively assumed liability for the acts and omissions of all of the employees of the office of the Sheriff, regardless of their functions, and the hiring and removal of these employees is governed by the Civil Service Law and the applicable regulations. Under these circumstances, there can be no continued viability to the concept, recognized by the older case law, that the Sheriff is vicariously liable for the acts and omissions of his civil appointees, including the deputy sheriffs responsible for the service of process, who were considered to be his personal agents (see *Matter of Flaherty v Milliken, supra,* pp 568-569; *Amico v Erie County Legislature,* 36 AD2d 415, 422-423, affd 30 NY2d 729). Moreover, plaintiff has failed to present evidentiary proof in admissible form to rebut the statements contained in the affidavits of the Sheriff and his chief deputy that the Sheriff was not directly involved in supervising the deputies responsible for the service of process (see *Barr v County of Albany,* 50 NY2d 247, 257; *Guzzardi v Perry's Boats,* 92 AD2d 250, 252-254). Therefore, Special Term properly granted summary judgment in favor of the defendant Sheriff and dismissed the complaint.

THOMPSON, J. P., WEINSTEIN, RUBIN and LAWRENCE, JJ., concur.

Appeal from an order of the Supreme Court, Suffolk County, dated April 5, 1984, dismissed (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment of the same court entered April 23, 1984, affirmed.

Respondent is awarded one bill of costs.