OPINION OF THE COURT
Harold J. Hughes, J.
Petitioners bring this CPLR article 78 proceeding to annul and restrain the implementation of a memorandum dated December 6, 1989, contending that the respondents have misinterpreted the recent amendment of section 13 of article XIII of the NY Constitution, and also have misinterpreted section 45 of the Civil Service Law.
The petition alleges that the 45 petitioners are New York’s county Sheriffs. The respondents administer the Civil Service Law. Section 6 of article V of the NY Constitution provides in pertinent part as follows: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”.
Up until January 1, 1990, section 13 of article XIII of the NY Constitution provided in pertinent part that: "But the county shall never be made responsible for the acts of the sheriff.”
During 1908 the State Civil Service Commission attempted to bring certain positions within the Kings County Sheriff’s Office into the classified civil service. The Kings County Sheriff objected, contending that he had the right to hire and fire his Deputies, and the dispute reached the Court of Appeals. In Matter of Flaherty v Milliken (193 NY 564), the Court of Appeals ruled that since the Sheriff alone was responsible for the negligence of his subordinates while performing their civil duties, those subordinates were exempt from civil service regulations. The court specifically noted that Kings County could not be liable for the Sheriff’s Deputies *855 because since 1822 the State Constitution contained the above-quoted provision immunizing counties for their Sheriffs’ torts.
Eight years later the Court of Appeals was asked to reconsider the Flaherty opinion (supra) in the case of Matter of Grifenhagen v Ordway (218 NY 451). Reiterating that Deputy Sheriffs were in the service of the Sheriff and not the county, the Court of Appeals upheld Flaherty.
As a result of the Flaherty and Grifenhagen decisions (supra), to this day employees of county Sheriffs performing civil functions are known as "Flaherty employees”, and are appointed and promoted outside of the civil service system. To be sure, there have been some inroads. In McMahon v Michaelian (38 AD2d 60, affd 30 NY2d 507), it was held that a county could assume the responsibility for the tortious acts of Deputy Sheriffs by local law and by so doing could place the position of all Deputies in the classified civil service. In Barr v County of Albany (50 NY2d 247), the Court of Appeals recognized that while a county had constitutional immunity from liability for acts of the Sheriff and his Deputies, a county could waive that immunity with respect to the Deputy Sheriffs by enacting a local law assuming responsibility for their wrongdoing. The Third Department has pointed out that even when a county is a coemployer of the Deputy Sheriffs, its constitutional immunity from liability under the doctrine of respondeat superior for the tortious acts of those Deputy Sheriffs remains in place unless a local law is enacted specifically waiving that immunity (Nichols v County of Rensselaer, 129 AD2d 167; see also, Cassidy v County of Nassau, 146 AD2d 595). That was the state of the law until the recent general election.
On November 7, 1989, the voters approved an amendment to subdivision (a) of section 13 of article XIII of the NY Constitution which deleted the language, "the county shall never be made responsible for the acts of the sheriff.” The respondents interpreted the effect of the constitutional amendment to mean that Flaherty (supra) was no longer valid, and that civil appointees of the various county Sheriffs should now be a part of the classified competitive civil service. Respondents searched for statutory authorization to bring those "Flaherty employees” into the competitive civil service and eventually resorted to section 45 (1) of the Civil Service Law which provides, in part, that: "Whenever the state or any civil division or public agency shall acquire a private institution or enterprise, for the purpose of operating it as a public function, such civil division, or public agency, as the case may be, may *856 continue the employment of all officers or employees thereof deemed necessary, who shall have been in the employ of such private institution or enterprise for at least one year prior to such acquisition”.
Subdivision (2) of section 45 requires that all such positions be classified and that: "The then incumbents of such positions who are employed therein at the time of the acquisition of the private institution or enterprise and who were so employed for at least one year prior to such acquisition shall continue to hold their positions without further examination and shall have all the rights and privileges of the jurisdictional class to which such positions may be allocated”.
The effect of section 45 is to allow employees of a private business taken over by the State to attain permanent positions within the classified civil service without meeting the testing requirement ordinarily applicable to a determination of merit and fitness. Respondents issued a memorandum dated December 6, 1989 to all municipal civil service agencies advising those agencies that under their interpretation of the recent constitutional amendment, the Flaherty decision (supra) was no longer valid, and all so-called "Flaherty” positions were now subject to the provision of the Civil Service Law. The memorandum further advised that section 45 of the Civil Service Law would be applied to give civil service status in an appropriate classification to all individuals employed in "Flaherty” positions at least one year prior to January 1, 1990.
Petitioners then commenced this proceeding seeking for a judgment declaring that the respondents’ interpretation of the January 1, 1990 constitutional amendment, and of section 45 of the Civil Service Law, is erroneous, and for an injunction restraining the respondents from taking any action to alter the "Flaherty” status of the petitioners’ civil employees.
 The first order of business is to apply CPLR 103 (c) to convert this article 78 proceeding to a declaratory judgment action since the main questions presented involve constitutional and statutory construction. As to the merits, the court agrees with the Civil Service Commission’s determination that the effect of the recent amendment to the State Constitution deleting a county’s immunity for the acts of its Sheriff is to reverse Flaherty (supra). The core premise of Flaherty was that the Sheriff alone, and not the county, was responsible under the doctrine of respondeat superior for the acts of Deputy Sheriffs. That is no longer true, as the recent constitu *857 tional amendment makes it clear that counties will be held liable for the torts of Deputy Sheriffs. Flaherty may have been right in its time. However, even in its time it was an exception to the constitutional mandate that public employees be hired and advance by merit and fitness, as determined by competitive examination whenever practicable. Since the main underpinning of Flaherty was removed by the recent constitutional amendment, it is time to lay Flaherty to rest.
The next issue is whether the Civil Service Commission correctly interpreted section 45 of the Civil Service Law as being the proper procedural vehicle to bring the holders of "Flaherty ” positions into the classified civil service. The Civil Service Commission has misconstrued and misused section 45 in attempting to apply it here. It is true that great deference must be given to the Department’s construction of Civil Service Law § 45 (Matter of Mack v Martinez, 117 AD2d 959, 960). However, deference can only go so far. When the statutory language chosen by the Legislature is not susceptible of the meaning an agency is ascribing to it, that administrative interpretation must be rejected. Section 45 involves the takeover of a private institution by a government agency. It is simply not applicable to this situation. While holders of "Flaherty” appointments must now be brought into the classified civil service system, the procedure for so doing should either be a carefully tailored local law such as was before the court in the McMahon case (supra), or new legislation on a Statewide scale addressing the situation.
The article 78 proceeding will be converted to a declaratory judgment action and the court will award judgment to the defendants declaring that the January 1, 1990 amendment to subdivision (a) of section 13 of article XIII of the NY Constitution overturns Matter of Flaherty v Milliken (193 NY 564, supra), and brings appointees of county Sheriffs performing civil functions into the classified civil service system. The court will award judgment to the plaintiffs declaring that the defendants’ interpretation of section 45 of the Civil Service Law as being applicable to "Flaherty” appointees is not correct.