■ ROBERT D. THOUBBORON et al., Appellants, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents.— Levine, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered April 30, 1990 in Albany County, which converted an application, brought pursuant to CPLR article 78, into an action for declaratory judgment and declared that NY Constitution, article XIII, § 13 (a) brings appointees of Sheriffs performing civil functions into the classified civil service system.

Effective January 1, 1990, NY Constitution, article XIII, § 13 (a) was amended to delete the provision exempting a county from responsibility for the acts of the Sheriff. The purpose of the amendment was to relieve Sheriffs throughout the State of personal liability for their acts or omissions and the acts and omissions of their appointees in discharging official duties relating to civil process *(see,* mem of Senator Dale Volker in Support of Resolution Proposing Amendment to NY Const, art XIII, § 13 [a]). As a result of the amendment, defendant State Department of Civil Service (hereinafter the Department) issued a memorandum to all municipal civil service agencies stating that the amendment would have the effect of overruling the Court of Appeals decision in *Matter of Flaherty v Milliken* (193 NY 564). That case held that, because a Sheriff was personally liable for the acts and omissions of his appointees engaged in civil functions, such appointees were under the service of the Sheriff personally and, therefore, did not fall within the civil service provisions of the State Constitution mandating that appointments and promotions be made according to merit to be determined by competitive examination

*(supra,* at 567-569; *see,* NY Const, art V, § 6). Based upon the foregoing, the Department determined that "all individuals who have been employed for at least one year in [a] county sheriff's department in a position designated as Flaherty will acquire civil service status in an appropriate classification, pursuant to [Civil Service Law § 45]".

Subsequently, plaintiffs commenced a CPLR article 78 proceeding against the Department and defendant State Civil Service Commission seeking injunctive and declaratory relief. After converting the proceeding to a declaratory judgment action, Supreme Court declared, *inter alia,* that *Matter of Flaherty* was overruled by the constitutional amendment, thereby bringing appointees of Sheriffs performing civil functions into the classified civil service system. This appeal followed.

We affirm. It is clear that the basis for the holding in *Matter of Flaherty* was the unique personal liability of a Sheriff, under the State Constitution as it then existed, for the negligence or wrongdoing of his appointees. However, because the recent constitutional amendment effectively abolished that exclusive personal liability of Sheriffs in the State, we agree with Supreme Court that the primary underpinning of *Matter of Flaherty* has been removed. Thus, we see no reason to exclude any longer a Sheriff's appointee from application of the civil service procedures mandated by NY Constitution, article V, § 6 *(see, McMahon v Michaelian,* 38 AD2d 60, 63-64, *affd* 30 NY2d 507; *cf., Matter of Sirles v Cordary,* 49 AD2d 330, 333-334, *affd* 40 NY2d 950). Supreme Court's judgment declaring *Matter of Flaherty* overruled by NY Constitution, article XIII, § 13 (a) as amended should be affirmed.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs. *[See,* 146 Misc 2d 853.]