■ In the Matter of RICKY ORLOPP et al., as Wayne County Sheriff's Department Correction Officers, Appellants, v PETER S. STIRPE, as Personnel Officer of Wayne County Civil Service Personnel Office, Respondent.—Judgment affirmed without costs. Memorandum: Petitioners are four former Wayne County correction officers, three hired in March 1990 and one hired in May 1990. They were all informed when they were hired that permanent employment depended upon the results of a Civil Service examination, which they took in April 1990. Two failed the examination, and two scored too low to be reached on the eligible list. All were terminated on July 23, 1990.

They challenge the authority of respondent to subject them to Civil Service requirements, contending that they are *Flaherty* employees *(see, Matter of Flaherty v Milliken,* 193 NY 564).

*Flaherty* has been effectively overruled by the amendment of New York Constitution, article XIII, § 13 (a), effective January 1, 1990, which deleted the provision exempting a county from responsibility for the acts of the sheriff *(Thoubboron v New York State Dept. of Civ. Serv.,* 175 AD2d 443).

Petitioners' contention that they cannot be subjected to Civil Service requirements in the absence of enabling legislation implementing the constitutional change has no merit. They were appointed after the *Flaherty* distinction was overruled and with knowledge that permanent employment was subject to the results of a Civil Service examination. This case does not involve the rights of persons occupying *Flaherty* positions on January 1, 1990, when the constitutional amend-

ment became effective. We need not determine whether enabling legislation is required as to them or whether the State Department of Civil Service properly invoked Civil Service Law § 45, an issue discussed in *Thoubboron* at Supreme Court (146 Misc 2d 853) but not raised on appeal.

Petitioners' contention that County Law § 652-a should be applied to the correction officer position lacks merit. By its terms, that statute concerns only the appointment and promotion of deputy sheriffs, and the record reveals a substantial difference between the positions of deputy sheriff and correction officer in Wayne County. Petitioners do not claim to be deputy sheriffs.

The record fails to support petitioners' contention that the classification of Wayne County correction officers was improper. The position was classified on April 2, 1990, based on a generic description that respondent received from the State Department of Civil Service in January 1990, which was found adequate by the undersheriff. Administrative determinations concerning position classification are subject to limited judicial review and should be accorded great deference *(Cove v Sise,* 71 NY2d 910).

All concur, except Callahan, A. P. J., and Balio, J., who dissent and vote to reverse in the following Memorandum.

Callahan, A. P. J., and Balio, J. (dissenting). We agree with the majority that the amendment to article XIII, § 13 (a) of the New York Constitution, effective January 1, 1990, removed the doctrinal basis for exempting a Sheriff's civil appointees from civil service classification and that this amendment effectively overruled *Matter of Flaherty v Milliken* (193 NY 564; *see, Thoubboron v New York State Dept. of Civ. Serv.,* 175 AD2d 443, *affg* 146 Misc 2d 853). We disagree, however, with the majority's conclusions that enabling legislation is not required to effectuate civil service classification of the Sheriff's civil appointees and that section 652-a of the County Law does not apply to petitioners.

County Law § 652-a took effect on July 7, 1990. Subdivision (1) provides for continuation of established procedures "for the appointment and promotion of deputy sheriffs" through June 30, 1991, but subdivision (2) allows a county to change the method "of appointment or promotion" by a duly adopted local law or by collective bargaining. The statute's sunset date had been extended to March 31, 1992 (L 1991, ch 602).

Wayne County has not adopted a local law providing for the civil service classification of the Sheriff's appointees, and no

change in the appointment or promotion of Sheriff's appointees has been effected through collective bargaining. Without the benefit of such a local law or agreement, respondent, who is the Personnel Director of the Wayne County Civil Service Personnel Office, established classifications for all civil appointee positions in the Sheriff's Department. Subsequent to the effective date of County Law § 652-a, respondent directed the Sheriff to terminate petitioners because they failed to satisfy the requirements of his classification scheme. The record is devoid of any suggestion that the Sheriff desired to terminate petitioners; the terminations resulted solely by reason of respondent's classification of their positions in the civil service.

Concededly, section 652-a of the County Law expressly applies to deputy sheriffs. In our view, however, the Legislature did not intend to limit the statute to deputies. It is clear from the Governor's approval memorandum that the purpose of the statute was to "maintain the status quo" regarding the exemption of *Flaherty* appointees from civil service classification until various issues and policy concerns could be resolved by State or local legislation (1990 NY Legis Ann, at 199-200). The statute was intended to address the status of all appointees affected by the constitutional amendment, whether deputy sheriffs or not. Section 652-a should not be given a literal interpretation to include only deputy sheriffs where that interpretation would "defeat the general purpose and manifest policy intended to be promoted" (McKinney's Cons Laws of NY, Book 1, Statutes § 230, at 388; *see also*, § 111; *cf., Rose v Allegany County*, 177 AD2d 975 [decided herewith]).

It is also readily apparent from the language and intent of the statute that it should apply to those civil employees appointed by the Sheriff after January 1, 1990. Section 652-a (1) expressly continues the pre-existing manner of "appointment" through June of 1991 (and, as amended, through March of 1992) and thus, would encompass persons appointed after January 1, 1990, within its protection. We conclude, therefore, that County Law § 652-a applies to petitioners.

Assuming, arguendo, that County Law § 652-a applies only to deputy sheriffs, the record does not definitively demonstrate that petitioners are not deputies. Petitioners were appointed to the position of correction officer. The collective bargaining agreement lists five salaried employee titles: criminal investigator, sergeant, deputy, correction officer and dispatcher. The "deputy" title is not defined in the agreement, and the record before us does not otherwise show that a person serving in a

title other than "deputy" is not a "deputy sheriff" within the meaning of County Law § 652 (2). The assignment of deputy sheriffs appointed pursuant to County Law § 652 (2) to serve as correction officers at a county jail is not uncommon *(see,* 1990 NY Legis Ann, at 199-200). Therefore, the fact that petitioners hold the title of "correction officer" does not mean that they are not deputy sheriffs.

Although the parties have not raised the point, the record does not reveal whether petitioners perform only criminal responsibilities. Neither party was able to clarify the situation during oral argument. If petitioners were employed to perform criminal functions alone, then they would not be exempt from civil service classification and their petitions should be dismissed. Further, petitioners seek reinstatement, but the Sheriff, who has the sole authority to reinstate them, is not joined as a party *(see,* CPLR 1001 [a]). Accordingly, we would reverse and remit this matter for further proceedings consistent with this memorandum and direct that, on remittal, the Wayne County Sheriff be joined as a necessary party. (Appeal from Judgment of Supreme Court, Wayne County, Strobridge, J.—Article 78.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.