Matter of Miller v State of New York (2026 NY Slip Op 01409)

Matter of Miller v State of New York

2026 NY Slip Op 01409

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 163102/25|Appeal No. 6084|Case No. 2025-07659|

[*1]In the Matter of Robert J. Miller et al., Petitioners/Plaintiffs-Appellants,
vThe State of New York et al., Respondents/Defendants-Respondents, New York Civil Liberties Union Foundation. Amicus Curiae.

Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellants.
David Nocenti, Office of Court Administration, New York (Pedro Morales of counsel), for New York Office of Court Administration, respondent.
Letitia James, Attorney General, New York (Ester Murdukhayeva of counsel), for State of New York, respondent.
New York Civil Liberties Union Foundation, New York (Jessica Perry of counsel), amicus curiae.

Order and judgment (one paper), Supreme Court, New York County (Lyle E. Frank, J.), entered December 1, 2025, which, to the extent appealed from as limited by the briefs, granted the cross-motion of respondent The State of New York to dismiss the petition-complaint seeking a judgment declaring that the 2024 amendment to article I, § 11 of the New York State Constitution rendered null and void the mandatory retirement age for judges and justices of the New York State Courts set forth in article VI, § 25(b) of the State Constitution and that the application of Judiciary Law §§ 23 and 115 violates article I, § 11 of the State Constitution, and seeking an injunction barring respondents from requiring petitioners to retire or be denied certification for service, and dismissed this hybrid proceeding brought pursuant to CPLR articles 30, 63, and 78, unanimously modified, on the law, to grant judgment to respondents to the extent of declaring that article VI, § 25(b) of the State Constitution has not been repealed and that Judiciary Law §§ 23 and 115 are not unconstitutional, and otherwise affirmed, without costs.
In November 2024, New York State voters in the general election approved the Equal Rights Amendment (ERA), which, among other things, added the category of "age" to the Civil Rights Clause set forth in article I, § 11(a) of the State Constitution. Petitioners are three current or former state court justices who turned 70 or 76 years old in 2025 and are therefore subject to mandatory retirement or the certification process. They commenced the instant proceeding contending that the ERA nullified the constitutional mandatory retirement age of 70 for judges and justices when it added "age" to the list of protected categories set forth in article I, § 11(a). We disagree. The guiding principle in the interpretation of a written constitution is to give effect to the plain language of the document (Matter of King v Cuomo, 81 NY2d 247, 253 [1993]). It has long been settled that "an amended constitution must be read as a whole, and as if every part had been adopted at the same time and as one law, and effect must be given to every part of it, each clause explained and qualified by every other part" (People ex rel. Killeen v Angle, 109 NY 564, 575 [1888] [internal quotation marks and citation omitted]). Thus, courts are obliged to reconcile "seemingly conflicting provisions of the Constitution without doing violence to either" (McMahon v Michaelian, 38 AD2d 60, 62 [1st Dept 1971], affd 30 NY2d 507 [1972]; see Matter of Burger King v State Tax Commn., 51 NY2d 614, 620-621 [1980]).
The plain language of the ERA does not support petitioners' contention that article VI, § 25(b), the mandatory judicial retirement provision, has been implicitly repealed, as the ERA contains no reference to article VI, the eligibility of persons to serve as judges or justices, or the judicial retirement age (see NY Const art I, § 11[a]; see also Matter of King, 81 NY2d at 253). For two reasons, we reject petitioners' reliance on the "well-established exception . . . that a subsequent general statute will repeal a prior special law relating to the same subject where inconsistency exists and the Legislature's intent to effect such a repeal is manifest" (Gerry v Volger, 252 AD 217, 219 [4th Dept 1937] [emphasis added]).
First, in contrast to the examples cited by petitioners, the ERA addresses a different subject matter from the provision petitioners seek to have declared nullified (see Gerry, 252 AD at 218 [statutory change to statewide jury duty qualification implicitly amended statute regarding jury duty in specific counties]; see also US Const 14th amend, § 2 [changing calculation for apportioning representatives from prior method found in article I, former § 2, clause 3]; US Const 17th amend [changing method of selecting United States Senators found in article I, former § 3, clause 1]; Moore v United States, 602 US 572, 582-583 [2024], quoting US Const 16th amend [noting repeal of limitation that taxation of income from real property be evenly apportioned among the states by article I, former § 2, clause 3 and article I, § 8]).
Second, petitioners cannot show that the legislature or the voters intended for the ERA to repeal article VI, § 25(b). On the contrary, almost immediately after the ERA's changes became effective on January 1, 2025, new legislation seeking to propose amendments that would raise the article VI, § 25(b) judicial retirement age was introduced in January 2025 and April 2025 in the Assembly and Senate, respectively, suggesting that the drafters of the ERA did not, in fact, contemplate raising the judicial retirement age, but rather intended to address that issue separately (see Assembly Bills A 3756, A 3757 [2025]; Senate Bill S 7455 [2025]). Similarly, a proposed amendment with this same provision failed in the 2013 general election. The sponsors of the ERA bill focused instead on enshrining comprehensive protections from discrimination given the changing national legal landscape endangering abortion rights, rights for the disabled and pregnant, and rights based on sexual orientation, gender identity, and gender expression.
In addition, "[r]epeal by implication is distinctly not favored in the law" (Alweis v Evans, 69 NY2d 199, 204 [1987]). Implicit repeal requires that the repugnancy between two laws "be so palpable that upon reading the two acts together it is obvious, without the aid of elaborate argument, that both could not have been intended to remain in force at the same time" (Pines v State of New York, 115 AD3d 80, 98 [2d Dept 2014], appeal dismissed 23 NY3d 982 [2014], quoting Matter of Tiffany, 179 NY 455, 457 [1904]). Because there is no support for petitioners' position within the ERA's legislative history, their cause of action asserting an implicit repeal necessarily fails. It follows that petitioners cannot demonstrate beyond a reasonable doubt that Judiciary Law §§ 23 and 115, which implement article VI, § 25(b) faithfully, are unconstitutional (Matter of McGee v Korman, 70 NY2d 225, 231 [1987]; see Stefanik v Hochul, 43 NY3d 49, 57 [2024]).
We decline to reach the issues of whether the ERA made the Civil Rights Clause of article I, § 11 self-executing, or whether strict scrutiny applies to age-based statutory classifications, as these issues are academic in light of our determination.
Finally, Supreme Court erred in dismissing petitioners' first three causes of action seeking declaratory relief upon a finding that they were not entitled to the declaration sought. Instead, the proper course was to issue a declaration in respondents' favor (Gourin v 72A Realty Assoc., L.P., 226 AD3d 475, 477 [1st Dept 2024]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026